**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| MICHAEL LARRIVEE<br>        Plaintiff,<br><br>v.<br><br>STEPHENS & MICHAELS ASSOCIATES, INC.<br>        Defendant, | Civil Action No.<br><br>1:13-cv-00120 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Michael Larrivee, an individual consumer, against Defendant, Stephens & Michaels Associates, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## *II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

## III. PARTIES

3. Plaintiff, Michael Larrivee, is a natural person with a permanent residence in Houston, Harris County, Texas 77095.

4. Upon information and belief, the Defendant, Stephens & Michaels Associates, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 7 Stiles Road, Salem, Rockingham County, New Hampshire 03079. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. On July 31, 2012, Plaintiff received written communication from Defendant in reference to an alleged debt.

8. On August, 4 2012, Plaintiff informed Defendant during a phone conversation that he was disputing the debt, requested validation of the debt and asked Defendant cease all contact until Defendant provided validation.

9. On August 4, 2012 and after the above mentioned phone call, Plaintiff mailed the Defendant via the United States Postal Service a certified return receipt letter again disputing the debt, requested validation of the debt and asked Defendant cease all contact until Defendant provided validation.

10. The certified return receipt number is 7012 0470 0000 5662 4150.

11. The return receipt provided by the United States Postal Service indicates that the letter was delivered and signed for on August 9, 2012.

12. On August 15, 2012, in connection with the collection of an alleged debt, Defendant did communicate with Plaintiff, seeking payment on the alleged debt.

13. At the time Defendant attempted to communicate with Plaintiff on August 15, 2012, Defendant had not provided Plaintiff with validation of the alleged debt.

14. During the communication on August 15, 2012, Defendant did not attempt to provide validation of the alleged debt.

15. During the communication on August 15, 2012, Defendant denied receiving the certified letter on August 9, 2012.

16. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

17. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

18. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

19. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by ignoring the request for validation and cease and desist letter and continuing to attempt to collect on the alleged debt.

## V.  1st CLAIM FOR RELIEF

20. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(c)* of the FDCPA by continuing to communicate with the Plaintiff after the Plaintiff notified the Defendant in writing that the Plaintiff wishes the Defendant to cease further communication with the Plaintiff and the further communication was not allowed under *§1692c(c)* of the FDCPA; and

    (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (c) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    (f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (g) Defendant violated *§1692g(b)* of the FDCPA by continuing collection activity after receiving written notification that consumer is requesting verification and disputing the alleged debt.

22. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Michael Larrivee, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI. *2nd CLAIM FOR RELIEF*

24. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

25. Defendant violated N.H. Rev. Stat. Ann. § 358-C, relating to Unfair, Deceptive or Unreasonable Collection Practices, and N.H. Rev. Stat. Ann. 358-A, relating to the Regulation of Business Practices for Consumer Protection. Pace's violations of RSA 358-C and 358-A include, but are not limited to the following:

   (a) Defendant violated RSA 358-C:2 and RSA 358-A:2 by, "[C]ollecting or attempting to collect a debt in an unfair, deceptive, or unreasonable manner."

26. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the above violations of RSA 358-C and 358-A, Defendant is liable to plaintiff, Michael Larrivee, for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Stephens & Michaels Associates, Inc., for the following:

A. Declaratory judgment that Defendant violated the FDCPA, and declaratory and injunctive relief for the violations of RSA 358-C and RSA 358-A.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Michael Larrivee, demands trial by jury in this action.

March 14, 2013

RESPECTFULLY SUBMITTED,

THE AUGERI LAW GROUP, P.L.L.C.

By: s/Anthony S. Augeri, Esq.
ANTHONY S. AUGERI, ESQUIRE
N.H. Bar # 15817
The Augeri Law Group, P.L.L.C.
68 Main Street,
Andover, Massachusetts 01810
(978) 409-2565 (phone)
(978) 475-1001 (fax)
tony@augerilaw.com
**Attorney for Plaintiff**

Of Counsel:
KEVIN J. BUCKLEY, JR.
CONSUMER RIGHTS LAW FIRM, PLLC
300 Brickstone Square, Suite 902
Andover, MA 01810
(978) 212-3300 (phone)
(978) 409-1846 (fax)
AttorneyKevinB@consumerlawfirmcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF TEXAS )
) ss
COUNTY OF HARRIS )

I, MICHAEL LARRIVEE, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding against Stephens & Michaels Associates, Inc.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. 1746(2), I, MICHAEL LARRIVEE hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: Mar 14, 2013

*Mike Larrivee*
Mike Larrivee (Mar 14, 2013)
MICHAEL LARRIVEE

Document Integrity Verified     EchoSign Transaction Number: SCUW5F5D274Z3K